# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MARCUS UNDERWOOD, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:15-cv-01585-JHE |
| THE CITY OF BESSEMER, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On May 29, 2016, Plaintiff Marcus Underwood moved to amend his complaint "to clarify and correct factual allegations that were inadvertently misstated in his original Complaint." (Doc. 14). Defendants opposed the motion. (Doc. 17). Underwood did not reply within the time provided. (*See* doc. 11 at 6). The motion is now ripe for review. For the following reasons, Underwood's motion for leave to file his first amended complaint, (doc. 14), is **GRANTED**.

### I. Standard of Review

The court will "freely grant" a motion to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). The court's discretion in deciding whether to grant or deny a motion to amend, however, is not unlimited. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1110 (11th Cir. 1996) (citing *Espey v. Wainwright*, 734 F.2d 748 (11th Cir. 1984); *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594 (5th Cir. 1981)). A district court should allow a plaintiff to amend unless there is a "substantial countervailing reason." *Id.* Such "substantial countervailing reasons" include: undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and the futility of the amendment. *Id.* (citing *Nolin v. Douglas Cnty.*, 903 F.2d 1546, 1550 (11th Cir. 1990)).

## II. Analysis

Defendants do not oppose the motion on any of the grounds set out in *Grayson*, above; instead they contend the motion to amend is not allowed under the scheduling order, (doc. 17 at ¶¶ 4-7), and the proposed amended complaint contains material factual allegations that conflict with the prior allegations, (*id.* at ¶¶ 8-14).

First, the scheduling order states "[n]o causes of action, defenses, or parties may be added after May 29, 2016, as to plaintiff and June 19, 2016, as to defendants." (Doc. 13 at ¶ 1). Defendants contend Underwood's amendment is not allowed because this provision limits amendments to changes to "causes of action, defenses, or parties." (Doc. 17 at ¶ 7). This is not what the scheduling order says at all. Stating that those three categories of amendments cannot be made after a certain date says nothing about any other type of amendment. Moreover, even those types of amendments may be made after those dates as long as the movant meets the higher standard of Rule 16(b)(4), FED. R. CIV. P. Otherwise the more liberal standard of Rule 15(a)(2) applies. Without a showing of a "substantial countervailing reason," the Court "should freely grant leave" to amend. *See Grayson*, 79 F.3d at 1110.

Second, Defendants state the proposed amended complaint "completely changes" a material fact to "state[] the exact opposite." (Doc. 17 at ¶¶ 9-10). Although they do not explicitly argue this as grounds to deny amendment, they ask that the motion be denied after spending seven paragraphs pointing out how the changes conflict with the original allegations and contending, based on outside evidence, that the new allegations are "outlandish" and "misleading[]." (*Id.* at ¶¶ 8-14). However, Underwood states the amendment is "to clarify and correct factual allegations that were inadvertently misstated in his original Complaint," (doc. 14), so it is unsurprising those allegations would conflict with prior allegations, and it is irrelevant to

a motion to amend whether a plaintiff can prove his factual allegations in subsequent litigation. Furthermore, Defendants cite no authority to support any contention this Court should not, under the Rule 15(a)(2) standard, allow amendment on this ground.

### III. Conclusion

Accordingly, Underwood's motion for leave to file his first amended complaint, (doc. 14), is **GRANTED**.  He has until **July 29, 2016**, to file his first amended complaint.

DONE this 26th day of July 2016.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE